MAY TERM, 1880, No. 125.                          JUNE 6TH, 1881.

## Commonwealth *versus* Gable.

1. The Court of Quarter Sessions has full power to regulate and control the execution of its own process, and may set aside a writ of restitution, issued after judgment and sentence on an indictment for forcible entry and detainer, where, under it improper parties have been dispossessed of the lands.

2. Under the writ the sheriff is only authorized to dispossess the defendant against whom there has been judgment and sentence, and those claiming under him.

CERTIORARI to the Court of Quarter Sessions of *Northumberland County*.

In the Court below the defendant, John H. Gable, was indicted for forcible entry and detainer, the prosecutors being Jane Herron and Charles D. Herron, her husband, Elizabeth B. Jackson and John A. Jackson, her husband, and Charles J. Tower.

The title to a certain tract of land in Mt. Carmel township, Northumberland County, was claimed by the prosecutors and by the Northumberland Coal Company, the latter maintaining possession from 1864 until March, 1875. By a surrender of the tenant of the Northumberland Coal Company at that date, the prosecutors obtained possession and commenced making improvements. On the 23d of November, 1875, the coal company, under a *capias* in an action of trespass, arrested the workmen in occupation, and while they were in the custody of the sheriff, John E. Rathbun, a vice-president and superintendent of the coal company, with the defendant and others in the employ of the company, entered and secured themselves in possession of the house and mines on the premises. The following day, or within a few days thereafter, the defendant and others tore down a barn on the premises in which the employés of the prosecutors had taken shelter. Rathbun and four others were indicted for forcible entry and detainer, and a verdict was

found against them twice, but because of defects in the indictment new trials were granted. A true bill was found against the defendant, Gable, separately, November 16th, 1877, and on the 6th of August, 1878, he was arraigned and pleaded guilty in manner and form as indicted. August 7th, 1878, he was sentenced to pay a fine of one dollar, pay the costs of prosecution, and make restitution of the lands and tenements described. On the 8th of August a writ of restitution was awarded to restore the possession of the premises to the prosecutors, and the same day the writ issued. The sheriff made return of the writ as follows:

"August 13th, 1878, served personally on the persons in possession, and removed their goods, and gave possession to Robert M. Cummings, attorney for Jane Herron and Charles D. Herron, Elizabeth Jackson and John A. Jackson, and Charles J. Tower."

On the 16th of August the Northumberland Coal Company presented a petition setting forth "that the said John H. Gable never was in possession of the said tract of land at any time, but that the possession of the same has been in the Northumberland Coal Company, through the tenants of the said company and their employés, since 1864, and that the arrangement between John H. Gable and the said R. M. Cummings, representing the prosecutors, was collusive between them to enable the said prosecutors to obtain possession of said tract of land by artifice and tricks."

It prayed "that the service of the said writ of restitution be vacated and set aside, so far as it affects the possession of your petitioner and of John E. Rathbun, vice-president and superintendent of the said Northumberland Coal Company."

On the same day a rule upon the prosecutors was granted to show cause why the service of the writ of restitution should not be set aside and vacated.

The Court below, ROCKEFELLER, P. J., after hearing argument and depositions upon the rule, filed an opinion September 28th, 1878, holding as follows:

"Isaac Lewis was in possession as tenant of the Northumberland Coal Company, and was turned out by the sheriff in pursuance of the writ of restitution. He was not there under the defendant, John H. Gable, and, as I have stated, I am of opinion that the sheriff could only restore the prosecutors to such possession as the defendant or any one under him had, if any. The plea of guilty admits that the prosecutors were in possession, and that John H. Gable forcibly turned them out, and they are entitled to be restored to the possession if the facts were that said Gable forcibly turned them out and took and held possession and kept them out.

If he took no possession, or has none, then there is nothing to restore. I do not see how the other parties without a trial can be turned out or made to restore the possession which they obtained by their own acts. The service of the writ is set aside as to all persons except the defendant, John H. Gable, or those in possession under him."

To this ruling the Commonwealth excepted.

On the back of the opinion the sheriff returned: "October 1st, 1878, removed the goods of Mr. Carmitchel and L. L. Kingsbury, tenants of Elizabeth B. Jackson and others, out of the house commonly called the Red House, and gave possession of the same and the stable and the mines to John H. Rathbun, agent for the Northumberland Coal Company, by the authority of this opinion."

On the 11th of November, 1878, on petition of the prosecutors, a rule was granted upon the sheriff and Rathbun to show cause why the proceedings of the sheriff on the opinion should not be set aside and a writ of re-restitution awarded, which rule the Court, July 16th, 1879, discharged.

To this ruling the Commonwealth also excepted.

A writ of *certiorari* was then taken by the Commonwealth, and it was assigned for error that—

1. The Court erred in granting a rule to show cause why writ of restitution should not be set aside after the sentence, execution, and return by the sheriff that he has delivered possession to the prosecutors.

2. The Court erred in making a decree that the execution of the writ of restitution should be set aside as to the Northumberland Coal Company, the said company not being a party to the record.

3. The Court erred in refusing to direct the sheriff to make re-restitution to the prosecutors, he having dispossessed them by using the opinion of the Court without any writ for that purpose, which was an unlawful act, and he being an officer of the Court, and claiming to be acting under authorized process issued by the Court, his unlawful act should have been corrected by reinstating the prosecutors who had been unlawfully ousted.

*Lewis Dewart, A. J. Dietrich, T. H. Purdy*, and *R. M. Cummings* for plaintiff in error.

On the pronouncing of the sentence the case ends in the Court of Quarter Sessions, and there is no authority to revive it and again bring the defendant into Court after his discharge by a rule to show cause. If such a rule may be entertained, where is to be the end of such litigation, or who is to be responsible for costs after the defendant is dis-

[Crawford v. Ritter.]

charged?—Commonwealth v. Mayloy, 7 P. F. Smith, 291; Schœppe v. Commonwealth, 15 P. F. Smith, 57. When two or more persons are engaged in the commission of a crime, and one of them is convicted and sentenced to make restitution, the courts will not permit a partner in the crime to say that he was the principal, and the party convicted only an employé, and thus secure the very object for which the crime was committed: Bouvier's Law Dictionary, 2 vol., p. 282; 2 Bishop, 514, *note.* Any person who claims to hold against the execution of a writ of restitution must make his claim before or at the time of the execution of the writ in order that it may be certified to the proper court: Johnson v. Fullerton, 8 Wright, 466.

*Samuel Linn, W. H. M. Oram,* and *S. P. Wolverton* for defendant in error.

The English courts have held and frequently exercise the power to relieve if restitution shall have been illegally awarded or executed: 3 Bacon's Abr., 260; 1 Russell on Crimes, 315.

PER CURIAM: We can find no irregularity in these proceedings which have been brought up by writ of *certiorari.* That the Court below had full power to regulate and control the execution of its own process cannot be doubted. That the sheriff was only authorized by his writ to put out the defendant, against whom there had been judgment and sentence on the indictment for forcible entry and detainer, and those claiming under him—certainly not those or any of them against whom the indictment was still pending—is equally clear. The writ does not bring up the evidence, and it is not competent for us to review the decision.

Proceedings affirmed.