# Commonwealth, Appellant, *v.* Griffin.

*Criminal law—Forcible entry and detainer—Writ of restitution—Collusive judgment.*

A writ of restitution awarded after a collusive plea of guilty of forcible entry and detainer will be set aside upon petition of the owner of an undivided interest in the premises, whose tenant the defendant was, and who resumed possession by other tenants when the defendant left the premises.

Argued Feb. 26, 1892. Appeal, No. 244, Jan. T., 1892, by Commonwealth, from judgment of Q. S. Lackawanna Co., April Sess., 1887, No. 44, vacating order for writ of restitution

awarded after plea of guilty of forcible entry and detainer by defendant, Joseph Griffin.   Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

The facts appear by the opinion of the Supreme Court.

The opinion of the court below, by GUNSTER, J., making absolute the rule to vacate the order for the writ of restitution, was as follows :

" At the time the order for the writ of restitution was made the court was not informed that the defendant was no longer in possession of the premises, and that other families, tenants of Catharine Winton, who claims to own one half of the property, and who is not under the defendant, were in possession thereof.   The judgment and sentence on the indictment are good only against the defendant and those claiming under him : Commonwealth v. Gable, 1 Penny. 26.   If the writ were allowed we do not see what right the sheriff would have to disturb the possession of those occupying the premises by independent title : Commonwealth v. Straub et al., 35 Pa. 137. The rule is made absolute."

*Errors assigned,* were  (1) vacating writ of restitution; (2) not directing possession of premises to be restored to prosecutor.

*H. M. Hannah* and *S. B. Price, John P. Kelly,* district attorney, with them, for appellant.

*George S. Horn, W. G. Ward* and *A. H. Winton* with him, for appellee.

OPINION BY MR. JUSTICE HEYDRICK, May 9, 1892 :

The defendant was indicted for forcible entry and detainer, and, having pleaded to the indictment, was, on Sept. 14, 1887, found " not guilty of forcible entry, but guilty of forcible detainer."   On the next day a rule for a new trial was granted, which was, on Jan. 30, 1888, made absolute.   Nothing further was done in the cause until Dec. 11, 1888, when the defendant pleaded guilty, as well to the counts charging forcible entry, on which he had been acquitted, as to one charging forcible detainer alone.   The next step in this somewhat remarkable proceeding was taken on Feb. 21, 1889, when the court sentenced the defendant, inter alia, to restore the property de-

tained, and upon the petition of the prosecutor awarded a writ of restitution. Promptly, within two days thereafter, Mrs. Catharine Winton presented her petition to the court, setting forth, in substance, that she had title to one undivided half of the premises ; that Griffin had been her tenant, put in peaceably by her ; that she had retained counsel to defend him, but that he had ignored such counsel, and, in collusion with the prosecutor, pleaded guilty to the indictment, and left the premises ; and that she had resumed possession by other tenants. Upon this petition a rule to show cause why the order for a writ of restitution should not be vacated was granted, and subsequently made absolute. This is all that is before this court, but it must be presumed that the learned court below found, upon proper evidence, the facts set forth in the petition upon which its rule to show cause was granted. This being done its way to make the rule absolute was clear. No court ought ever to lend its aid in the enforcement of a collusive judgment to the prejudice of innocent persons. Griffin was out of possession, and therefore, so far as he was concerned, a writ of restitution would have been of no avail ; and as the persons in the actual possession did not hold under him, but under Mrs. Winton, whose interests he had endeavored to betray, the writ could serve no lawful purpose : Com. v. Gable, 1 Penny. 26. It would, however, have harassed and annoyed the tenants in possession, and if the sheriff had been ill advised, it would, no doubt, have led to further litigation, of a character which would have left the right of possession as far from being settled as it now is.

The order of the court below, making absolute the rule to vacate the order for a writ of restitution, is affirmed.